UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J. KEEBLE,<br><br>Defendant. | 1:21-CR-10024-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Part A of Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on May 16, 2022, to 85 months imprisonment for assault of an intimate or dating partner by strangulation and suffocation. Defendant's total offense level was 26 and, together with a criminal history category of III, his guideline range was 78 - 97 months. The Court imposed a sentence near the middle of that range.

Part A of Amendment 821 amended, retroactively the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while defendant was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points.

Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment as a result of retroactive amendments to the

Federal Sentencing Guidelines. The Sentencing commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that defendant qualifies for a reduction pursuant to Amendment 821. I am required by Guidelines § 1B1.10(b)(1) to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." Defendant had three criminal history points prior to the addition of the two status points, moving him from criminal history category II to category III. Under the amended guideline, he has three instead of five criminal history points. He is in category II instead of category III. The amended guideline range is 70 – 87 months.

Notwithstanding whether defendant qualifies for a reduction in sentence, I find that, considering the factors in 18 U.S.C. § 3553(a), a reduction in sentence is not warranted. Pursuant to 18 U.S.C. § 3582(c)((2), any reduction in sentence must be "consistent with the applicable policy statements issued by the Sentencing Commission. The Sentencing Commission set forth in Application Note 1 to § 1B1.10 that, in determining whether a reduction is warranted and, if so, the extent of the reduction, the Court shall consider the § 3553(a) factors. Application Note 1(B)(i). Specifically, the Sentencing Commission set forth that the Court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction" in determining whether to award a reduction. Application Note 1(B) (ii) and (ii).

Defendant was charged in a second superseding indictment with assault with a dangerous weapon, assault of an intimate and dating partner by strangulation and suffocation, domestic assault by an habitual offender, making a materially false

statement, and tampering with a victim. As part of the plea agreement, the government agreed to allow defendant to plead to one count and dismiss the remaining counts, reducing greatly his maximum custodial exposure.

Defendant had a significant tribal court criminal history, which was not taken into account in determining criminal history.

The parties stipulated in the plea agreement that enhancements for obstruction of justice and use of a dangerous weapon did not apply. No such enhancements were applied in the presentence report. Despite a no contact order issued by the Magistrate, defendant attempted to contact the victim by phone and by letter during the pendency of his case. Defendant attempted to obstruct justice. His actions clearly amounted to a violation of the Court's no contact order. I found at sentencing that the defendant threatened the victim with and did use a razor blade against her. I added four levels for the use of that weapon.

I further gave weight to the testimony of family members at sentencing. Defendant was sentenced for one assault against the victim. It is clear, however, that the defendant's assaultive conduct towards the victim was continuous and serious. He was and is a danger to the victim. I stated at sentencing that regardless of the guidelines, I would impose the same sentence. A sentence of 85 months was appropriate then and, taking into account the facts set forth in § 3553 and the defendant's conduct, that is still an appropriate sentence.

I find that defendant is not entitled to a reduction in sentence.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 97, is denied.

DATED this 13th day of January, 2025.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge